

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2023 JUL 13  AM 11:01

DEPUTY CLERK _____ MS

| | |
|---|---|
| TARA ANN PORTER<br>Plaintiff,<br>v.<br>PORTFOLIO RECOVERY<br>ASSOCIATES LLC<br>Defendants. | CASE NO.<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No<br><br><br>3-23CV1560-D |

## INTRODUCTION

1. This is a civil action for actual, statutory damages and cost brought by Tara Ann Porter, ("Plaintiff") an individual consumer, against defendant, Portfolio Recovery Associates LLC for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA") and violations of the Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), 15 U.S.C. § 1692k(d) and 28 U. S. C § 1331.Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendants Portfolio Recovery Associates transact business in Royse City, TX, Collin County, Texas.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, Tara Ann Porter is a natural person and consumer as defined by15 U.S.C. § 1681a(c), residing Royse City, TX, Collin County, Texas.

COMPLAINT FOR A CIVIL CASE - 1

5. Upon information and belief, Portfolio Recovery Associates LLC. is a Virginia corporation with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502.

6. Defendant Portfolio Recovery Associates LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

8. On or about July 10, 2023, Plaintiff reviewed her Experian and TransUnion consumer report.

9. In the report the Plaintiff observed twenty- one unauthorized inquiries from the Defendant Portfolio Recovery Associates LLC.

10. Defendant Portfolio Recovery Associates LLC made six different inquiries on the following dates 07/15/2022, 07/22/2022, 08/02/2022, 09/04/2022, 09/20/2022, 09/27/2022, 10/19/2022, 11/06/2022, 01/05/2023, 01/08/2023, 01/12/2023, 02/19/2023, 03/11/203, 03/12/2023, 03/23/2023, 03/25/2023, 04/27/2023, 05/06/2023, 05/08/2023, 06/13/2023, and 06/14/2023 see Exhibit A.

11. Plaintiff never initiated a consumer credit transaction with Defendant nor had an account with the defendants.

12. Plaintiff never entered into a contract with the Defendant.

13. Plaintiff never gave any consent to defendants to access her consumer report.

14. Plaintiff has the interest and right to be free from deceptive, misleading collection efforts.

15. Plaintiffs have the interest and right to privacy from individuals including defendants of unauthorized access of personal identifiable information in her consumer report.

16. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by Defendants to Plaintiff specifically.

17. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of her credit report.

18. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of her privacy. This intrusion into the Plaintiffs personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of her privacy.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff as suffered loss of time into research and learning to defend against the defendant's invasion of privacy.

21. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of her rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendant actions.

22. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from defendant's conduct.

23. Plaintiff justifiably fears that, absent this court's intervention, defendant Portfolio Recovery Associates LLC will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

24. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

25. A favorable decision herein would redress Plaintiff's injury with money damages.

26. A favorable decision herein would serve to deter Defendants from further similar conduct.

### COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C § 1681b(f) DEFENDANTS PORTFOLIO RECOVERY ASSOCIATES

27. All preceding paragraphs are realleged.

28. Defendant Portfolio Recovery Associates actions violated 15 U.S.C § 1681b(f). Permissible Purpose.

29. The Defendant violations include but are not limited to the following:

(a) Portfolio Recovery Associates violated 15 U.S.C § 1681b(f) by failing to have permissible purpose to obtain Plaintiff consumer report pursuant to 15 U.S.C § 1681b.

(b) Portfolio Recovery Associates LLC did not have a court order to obtain Plaintiff consumer report.

(c) Plaintiff never gave written permission for Portfolio Recovery Associates LLC to obtain her consumer report.

(d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C § 1693a (2), with Portfolio Recovery Associates LLC.

(e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) [1] of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

(f) Portfolio Recovery Associates LLC does not have an account with the Plaintiff according to the definition above.

30. As a result of Portfolio Recovery Associates LLC violations of the Fair Credit Reporting Act, the Defendant is liable for damages and costs of $1000 per violation or $21000 total.

## COUNT II VIOLATION OF THE TEXAS BUSINESS AND COMMERCE CODE TITLE 2 CHAPTER 20 SUBCHAPTER A SEC. 20.02 PORTFOLIO RECOVERY ASSOCIATES

31. Plaintiff is a consumer within the meaning of Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.01(2)

32. Consumer credit report is a consumer report within the meaning of Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.01(4).

33. Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02 defines the permissible purposes for which a person may obtain a consumer credit report.

34. Such permissible purposes as defined by Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02 are generally, in response to a court order issued by a court with proper jurisdiction, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry, and in accordance with the written instructions of the consumer to whom the report relates.

35. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance, or received a bona fide offer of credit or gave written permission to Defendants to access her consumer report.

COMPLAINT FOR A CIVIL CASE - 4

36. Defendant Portfolio Recovery Associates LLC made six different inquiries on the following dates 07/15/2022, 07/22/2022, 08/02/2022, 09/04/2022, 09/20/2022, 09/27/2022, 10/19/2022, 11/06/2022, 01/05/2023, 01/08/2023, 01/12/2023, 02/19/2023, 03/11/203, 03/12/2023, 03/23/2023, 03/25/2023, 04/27/2023, 05/06/2023, 05/08/2023, 06/13/2023, and 06/14/2023 see Exhibit A.

37. At no time did Plaintiff give her consent for Portfolio Recovery Associates LLC to acquire her consumer credit report from any credit reporting agency.

38. The actions of Defendants in fraudulently obtaining the consumer credit report of the plaintiff with no permissible purpose or Plaintiff's consent, was a willful violation of Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02 and an egregious violation of Plaintiff's right to privacy.

39. At no time has the defendants ever indicated what justification they may have had for obtaining Plaintiff's credit report The Defendants had a duty to properly ascertain if there was any legitimate permissible purpose under Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02 before obtaining Plaintiff's credit report and Defendants breached said duty by failing to do so.
Plaintiff is entitled to statutory damages of $1000 per violation or $21000 for Defendant Portfolio Recovery Associates LLC under Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.09.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Tara Ann Porter, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

(A) Violating the Fair Credit Reporting act and Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.02.

(B) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681n(a)(1)(B) of $1000 per violation.

(C) Actual damages of $1000 per violation pursuant to Texas Business and Commerce Code Title 2 Chapter 20 Subchapter A SEC. 20.09.

(D) Punitive damages as the court may allow pursuant to 15 U.S.C § 1681n(a)(2) and For such other and further relief as the court may deem just and proper.

Tara Ann Porter
613 Long Prairie Dr
Royse, TX 75189
214-994-7016
taragiannasi@gmail.com

COMPLAINT FOR A CIVIL CASE - 5

1

## EXHIBIT A

2

3

## PORTFOLIO RECOV ASSOC

4
Inquired on 05/06/2023,
04/27/2023, 03/25/2023,

5
03/23/2023, 03/12/2023,
03/11/2023, 02/19/2023,

6
01/12/2023, 01/08/2023,

7
01/05/2023, 11/06/2022,
10/19/2022, 09/27/2022,

8
09/20/2022, 09/04/2022,

9
08/02/2022,
07/22/2022 and 07/15/2022

10

11
120 CORPORATE BLVD STE
100,

12
NORFOLK VA 23502
(844) 675-3408

13

14

15
**PORTFOLIO RECOVERY ASSO**

16
Location
140 CORPORATE BLVD
NORFOLK, VA 23502

Requested On
05/08/2023

Phone
(888) 772-7326

17

18
**PORTFOLIO RECOVERY ASSOCIATES**

19

20

21
Location
140 CORPORATE BLVD
NORFOLK, VA 23502

Requested On
06/14/2023, 06/13/2023

Phone
(844) 675-3407

22

23

24

COMPLAINT FOR A CIVIL CASE - 7

3-23CV1560-D

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tara Ann Porter | Portfolio Recovery Associates LLC |

| **(b)** County of Residence of First Listed Plaintiff  Collin County, TX | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | JUL 1 3 2023  MS  CLERK U.S. DISTRICT COURT  NORTHERN DISTRICT OF TEXAS |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: |
|---|---|
| | 15 U.S.C. § 1681 |
| | Brief description of cause: |
| | Violations of the FCRA Permissible Purpose |

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint: |
|---|---|---|---|
| | | | **JURY DEMAND:** ☒ Yes ☐ No |

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions):* | | |
|---|---|---|---|
| | JUDGE _____ | DOCKET NUMBER _____ | |

DATE _____                        SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____